UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE EUGENE PATTERSON,<br>Plaintiff,<br>v.<br>ELAINE TOOTELL, et al.,<br>Defendants. | Case No. 18-cv-07566-PJH<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he received inadequate eye care and lost sight in his left eye.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly

2

affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code section 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004*); see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (enacted in 2002) (current codification of residual limitations period, which is now two years).

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations for up to two years when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." *See* Cal. Civ. Proc. Code § 352.1(a).

3

On October 9, 2013, plaintiff complained to medical officials about blurry vision in his left eye. He was examined by medical staff and provided eye drops. On October 10, 2013, plaintiff was seen by a doctor, after plaintiff suffered a sudden loss of vision in his left eye. Plaintiff was seen on October 16, 2013, by an eye doctor who diagnosed a retinal detachment and recommended plaintiff be seen by an outside retina specialist. The next day, October 17, 2013, plaintiff was seen by an outside retina specialist and surgery was performed on October 18, 2013, to reattach the retina. At a follow up appointment with the retina specialist on April 4, 2014, it was noted that plaintiff's retina was reattached, but he had developed a cataract and a macular pucker. Another surgery was conducted on August 25, 2014, to correct these new problems. An additional surgery occurred on December 9, 2014. On June 1, 2016, the outside specialist concluded that the vision would not improve further. Beginning in October 2016, plaintiff was seen several times by ophthalmology and retina specialists at the University of California San Francisco. Plaintiff states that the delay of surgery led to the permanent loss of sight in his left eye and seeks money damages.

The complaint is dismissed with leave to amend. It appears that many events described in the complaint occurred beyond the statute of limitations and would be untimely. Plaintiff should specifically identify which specific surgery was delayed that led to the loss of sight. Moreover, plaintiff's underlying allegations do not set forth a constitutional claim. Plaintiff was promptly seen by medical staff and outside specialists and underwent surgery very quickly. He has not described deliberate indifference. While there could have been some small delays in receiving medical care, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

**CONCLUSION**

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed no later than **March 29,**

**2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file amended complaint may result in dismissal of this action.

     2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     **IT IS SO ORDERED.**

Dated: February 28, 2019

                                              PHYLLIS J. HAMILTON
                                              United States District Judge

|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| LAWRENCE EUGENE PATTERSON,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ELAINE TOOTELL, et al.,<br><br>　　　　　　Defendants. | Case No.: 18-cv-07566-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that:

　(1)　I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California; and

　(2)　On 2/28/2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's office.

Lawrence Eugene Patterson ID: D-82670
San Quentin State Prison 1 North Block 3 low
San Quentin, CA 94974

Dated: 2/28/2019

　　　　　　　　　　　　　　　　　　　Susan Y. Soong
　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　　　　Kelly Collins, Deputy Clerk to
　　　　　　　　　　　　　　　　　　　the Honorable Phyllis J. Hamilton

*Service_Certificate _CRD*
*rev. August 2018*