UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAWRENCE EUGENE PATTERSON,
    Plaintiff,
        v.
FERNAND ALVAREZ,
    Defendant.

Case No. 18-cv-07566-PJH

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)

(citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he received inadequate eye care and lost sight in his left eye.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The existence of an injury that a reasonable doctor or patient would find important and

worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code section 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004*); see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (enacted in 2002) (current codification of residual limitations period, which is now two years).

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations for up to two years when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court

3

for a term less than for life." See Cal. Civ. Proc. Code § 352.1(a).

On October 9, 2013, plaintiff complained to medical officials about blurry vision in his left eye. He was examined by medical staff and provided eye drops. On October 10, 2013, plaintiff was seen by defendant Dr. Alvarez, after plaintiff suffered a sudden loss of vision. Defendant ordered an urgent referral to Ophthalmology, though plaintiff states that defendant did not detect any damage to plaintiff's left eye.

Plaintiff was seen on October 16, 2013, by an eye doctor who diagnosed a retinal detachment and recommended plaintiff be seen by an outside retina specialist. The next day, October 17, 2013, plaintiff was seen by an outside retina specialist and surgery was performed on October 18, 2013, to reattach the retina. At a follow up appointment with the retina specialist on April 4, 2014, it was noted that plaintiff's retina was reattached, but he had developed a cataract and a macular pucker. Another surgery was conducted on August 25, 2014, to correct these new problems. An additional surgery occurred on December 9, 2014. On June 1, 2016, the outside specialist concluded that the vision would not improve further. Beginning in October 2016, plaintiff was seen several times by ophthalmology and retina specialists at the University of California San Francisco.

Plaintiff alleges that he was not timely notified of the damage to his eye and that his vision would not improve, and that defendant Dr. Alvarez failed to detect damage to his eye. He also argues that his medical issues were not timely treated. The original complaint was dismissed with leave to amend to address the statute of limitations and provide more details how defendant violated his constitutional rights. Plaintiff has failed to cure the deficiencies of the original complaint. Even assuming this action is timely, plaintiff has not shown an Eighth Amendment violation. Plaintiff was promptly seen by medical staff and referred to specialists and received various surgeries. Defendant examined plaintiff and even if he did not discover the specific extent of the damage to the eye he urgently referred plaintiff to Ophthalmology. Within eight days plaintiff was diagnosed with a detached retina and received surgery. This does not demonstrate deliberate indifference, and this was defendant's only involvement. To the extent that

4

defendant did not inform plaintiff of the damage to his eye, defendant only treated plaintiff once and was not an eye doctor. Plaintiff was subsequently seen by several eye specialists. If none of the eye specialists at the various appointments and surgeries over the years discussed plaintiff's condition with him, defendant is not liable. Plaintiff has failed to state a claim and because further amendment would be futile, this action is dismissed without leave to amend.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for failure to state a claim.
2. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: June 28, 2019

PHYLLIS J. HAMILTON
United States District Judge